UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TOBIAS C. PRICE, 14022-055,

      Petitioner,

                 **DECISION AND ORDER**
                  09-CV-737A
     v.              06-CR-110A

UNITED STATES OF AMERICA,

      Respondent.

## INTRODUCTION

On August 21, 2009, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that his guilty plea should be vacated because of ineffective assistance of counsel and that his sentence should be vacated because of improper calculation under the former crack-to-cocaine sentencing ratio. In opposition, respondent contends that petitioner knowingly entered a voluntary plea that led to a mandatory minimum sentence. For the reasons below, the Court will deny petitioner's motion.

## BACKGROUND

This case concerned respondent's allegations that petitioner engaged in drug activity in late 2004 and early 2005. On April 11, 2006, a grand jury returned an 11-count indictment against petitioner. Count One charged petitioner with conspiracy both to possess with intent to distribute, and to distribute, over five

grams of cocaine base in violation of 21 U.S.C. § 846. Count Eleven charged petitioner with felony possession of a weapon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

After a transfer from Judge Elfvin to this Court, petitioner entered into a plea agreement on August 16, 2007. Petitioner pled guilty to Counts One and Eleven of the indictment. Paragraph 6 of the plea agreement contained the factual basis for the plea. In short, petitioner agreed through Paragraph 6 that he conspired to distribute and did distribute an amount of cocaine base exceeding five grams. Through Paragraph 6, petitioner agreed further that he had a prior felony conviction in his record for criminal possession of a controlled substance and thereby was prohibited from possessing the semi-automatic rifle found at his residence during a search. In Paragraphs 11 and 12 of the plea agreement, petitioner agreed that his criminal history category was V and that he could face a mandatory minimum sentence. In Paragraphs 20 and 21 of the plea agreement, petitioner waived his rights with respect to a collateral attack on his sentence.

During the plea proceedings that occurred on August 16, 2007 (*see* Dkt. No. 51-4), the Court required respondent to proceed stepwise through the plea agreement, stopping after each provision to ensure that petitioner understood what was being reviewed. Petitioner indicated each time that he understood what was being reviewed. The Court additionally advised petitioner (*id.* at 20) that his plea proceeding would constitute his day in court. Petitioner indicated that he

understood. Later in the proceedings (*id.* at 25), the Court specifically asked petitioner whether anyone was forcing him to plead guilty. Petitioner said no. The Court then asked petitioner whether anyone was threatening him in any way so as to bring about the plea agreement. Petitioner again said no. Later in the proceedings (*id.* at 26–29), the Court took the time to explain to petitioner the process of proceeding to trial and requiring respondent to prove its allegations, to ensure further that petitioner understood his rights. Petitioner indicated that he understood his trial rights and that he was waiving them of his own free will. The Court ultimately accepted petitioner's plea.

On August 20, 2007, the Court sentenced petitioner to 120 months each on Counts One and Eleven. The sentence for each count was concurrent. The sentence that the Court imposed was the minimum sentence required by 21 U.S.C. § 846.

Petitioner filed a notice of appeal to the United States Court of Appeals for the Second Circuit on September 17, 2007. Petitioner was appointed counsel in connection with that appeal, and appointed counsel filed a motion for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Around the same time, respondent filed a motion before the Second Circuit to dismiss the appeal or, alternatively, to grant summary affirmance. On June 23, 2008, the Second Circuit issued a mandate granting the *Anders* motion and dismissing the appeal. In the mandate, the Second Circuit stated that to the

extent that petitioner was appealing his sentence, he failed to demonstrate that the waiver of his appellate rights was unenforceable under *U.S. v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000). The Second Circuit stated further that, to the extent that petitioner was appealing his conviction, respondent's motion for summary affirmance was granted.

On August 21, 2009, petitioner filed the pending motion. In the pending motion, petitioner again challenges both his plea as involuntary and his sentence as improperly calculated. Petitioner adds a new claim of ineffective assistance of counsel and claims that he could not raise this issue previously because his trial counsel withdrew from the case after sentencing and his appellate counsel filed the *Anders* motion. In opposition to petitioner's motion, respondent cites the plea agreement and the transcripts of the plea and sentencing proceedings before this Court.

**DISCUSSION**

"In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *U.S. v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Here, petitioner voluntarily and knowingly entered a plea agreement after consultation with trial counsel. The plea agreement stated

4

explicitly that petitioner could face a mandatory minimum sentence as a result. Petitioner indicated multiple times during the plea proceedings that he understood what trial rights he could invoke if he did not want to enter the plea. Petitioner indicated that no one was forcing or pressuring him into the plea agreement. At all times, petitioner indicated that he wanted to give up his trial rights in exchange for the conditions set forth in the plea agreement. By the end of the plea proceedings, petitioner fully understood and accepted and that his guilty plea would lead to a sentence of at least 120 months. The Court gave petitioner exactly that sentence and nothing more.

Having entered a voluntary and knowing guilty plea that led to a mandatory minimum sentence, petitioner cannot now challenge his conviction or sentence. Petitioner's exchanges with the Court during the plea proceedings undermine his claims now that trial counsel pressured him into signing something that he did not understand. By granting both the *Anders* motion and respondent's motion to dismiss the appeal and to grant summary affirmance, the Second Circuit already has confirmed that petitioner's arguments have been heard and rejected as lacking merit. Under these circumstances, the Court will not say that the representation that petitioner received from trial and appellate counsel was ineffective. "Failure to make a meritless argument does not amount to ineffective assistance." *U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) (citation omitted),

*abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 404 n.8 (2003).

## CONCLUSION

For all of the foregoing reasons, the Court hereby denies petitioner's motion. The Clerk of the Court is directed to close the civil case associated with the pending motion.

In addition, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner will have 30 days from entry of judgment to file any notice of appeal with the Clerk of this Court. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 5, 2010